IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**FRED BOGES,**

       **Plaintiff,**

vs.                                     Case No. 1:10-CV-0024
                                     JURY DEMAND
                                     JUDGE TRAUGER

**GENERAL MOTORS COMPANY,**
**GENERAL MOTORS CORPORATION,**
**GENERAL MOTORS, LLC,**
**GENERAL MOTORS PRODUCT SERVICES, INC., d/b/a**
**GENERAL MOTORS OF SPRING HILL,**

       **Defendants.**

## INITIAL CASE MANAGEMENT ORDER

      **A.**      **JURISDICTION:**  This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, and supplemental jurisdiction with respect to the plaintiff's claim under the Tennessee Human Rights Act, T.C.A. 4-21-101 *et seq*. Plaintiff intends to file a charge with the Equal Employment Opportunity Commission and obtain a Notice of Right to Sue and then move to amend his Complaint to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq. Subject matter jurisdiction is not disputed.

      **B.**      **BRIEF THEORIES OF THE PARTIES:**

      **1.**      **PLAINTIFF:**  Plaintiff was and is an employee of General Motors at Spring Hill, Tennessee. He began his employment with the Defendant on November 16, 1978 and was subsequently placed at the Defendant's location in Spring Hill, Tennessee on November 15, 1989. He was classified as a team leader and worked in block machining department. In August

2009, the Defendant placed a female, white supervisor in a position wherein she was Plaintiff's supervisor. This new supervisor was not familiar with the type of work Plaintiff was engaged in due to the fact that his job requires not only machine experience but how to get the machines up and running. There are many complicated tests that must be run to detect any leaks in the machines being produced. Every Monday morning a leak test is performed on operation #50 that requires down time for 2 to 4 hours to search for the problem. For unexplained reasons, the new supervisor put Plaintiff on notice when the IPV process was being performed. Plaintiff was told he was holding up production when he was only doing his job. Plaintiff was sent home for the balance of his shift and for one week without pay.

Plaintiff, a black team leader would submit that white employees, similarly-situated to him were not sent home for the same acts Plaintiff allegedly committed. He complained to his union official and a meeting was held. It was determined that he would receive all lost wages but that he would be required to decrease his hourly salary by fifty cents and give up his team lead role.

On another occasion, Plaintiff's new supervisor sent him a new employee to train. However, Plaintiff advised her that since he had lost his team lead role the company policy states he cannot be involved in training. Plaintiff advised his plant manager, who is also a white female, that he was being harassed by his current supervisor. As a result, the supervisor was transferred to another area. Plaintiff was later asked by a new supervisor, a 23 year old white female, to train three new employees. This time he relented even though he did not have to do so and trained these three individuals.

During the course of his training one of these individuals, his supervisor advised him that he and the person he was training at that time should go to lunch at different times. The trainee

went first and when he returned, Plaintiff went to lunch. Upon returning from lunch, the gauges indicated something was wrong. Plaintiff stopped the machines and told his supervisor to call an engineer because parts were broken. Fifteen minutes before Plaintiff's shift ended, he was again put on notice. This time it was for running bad parts. Plaintiff was told he was responsible for the actions of his trainee even though he was ordered to leave him by himself while he ate lunch. A couple of days later, Plaintiff told the supervisor he was not at fault since he was told to leave the trainee while he went to lunch. In the meeting with the union official, Plaintiff's supervisor said that he had "a bad part and he had let it on line". Plaintiff told her that this was a lie. The supervisor left the meeting angry and teary-eyed. Later, Plaintiff's supervisor suspended him for two weeks without pay.

Plaintiff would state that the actions of the Defendant were malicious and were done with reckless disregard for his rights. All actions taken by the Defendant were racially motivated and merit the award of punitive damages as well as damages for emotional distress, embarrassment and loss of enjoyment of life.

  **2.**  **DEFENDANT:** Defendant General Motors, LLC (hereinafter "Defendant"), denies that it unlawfully discriminated against Plaintiff based on his race and further states that any actions taken with respect to Plaintiff were for legitimate nondiscriminatory reasons. GM further denies liability or the existence of any damages as to Plaintiff and incorporates the affirmative and other defenses set forth in its Answer to Plaintiff's complaint.

  **C.**  **ISSUES RESOLVED:** Jurisdiction and venue.

  **D.**  **ISSUES STILL IN DISPUTE:** Liability and damages.

**E. INITIAL DISCLOSURES:** Pursuant to Federal Rule of Civil Procedure 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference. Therefore, the deadline is July 5, 2010.

**F. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before October 31, 2010. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before August 31, 2010.

**H. DISCLOSURE OF EXPERTS:** The Plaintiff will not be using an expert witness. The Defendant does not anticipate that it will be using any expert witnesses. In any event, if the Defendant decides to use an expert witness, it must identify and disclose all expert witnesses and reports on or before November 1, 2010.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses, if any, on or before January 14, 2011.

**J. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before February 28, 2011. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall

first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**K.** **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 2-3 days.

**L.** **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before September 30, 2010.

**M.** **ELECTRONIC DISCOVERY:** The parties do not anticipate that electronic discovery will be necessary in this case and have agreed to reach an agreement on how to conduct same if it turns out that electronic discovery becomes necessary. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**It is so ORDERED.**

Date: 06/22/10

_____
**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

**APPROVED FOR ENTRY:**


/s/James Harris, BPR # 014173
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
615-386-7143
Jhar401@comcast.net
Attorney for Plaintiff

/s/Bridget B. Romero
Lathrop & Gage LLP
Admitted Pro Hac Vice
2345 Grand Boulevard
Suite 2200
Kansas City, MO 64108
(816) 292-2000
Email: bromero@lathropgage.com
Lead Counsel for Defendant General Motors, LLC

Kenneth A. Weber
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC-Nashville
Commerce Center
211 Commerce Street
Suite 800
Nashville, TN 37201
(615) 726-5600
Email: kweber@bakerdonelson.com
Local Counsel for Defendant General Motors, LLC

Emily H. Plotkin
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC-Nashville
Commerce Center
211 Commerce Street
Suite 800
Nashville, TN 37201
(615) 726-5600
Email: eplotkin@bakerdonelson.com

6
Case 1:10-cv-00024   Document 16   Filed 06/22/10   Page 6 of 6 PageID #: 52